Sim Gill (Utah Bar No. 6389)
DISTRICT ATTORNEY FOR SALT LAKE COUNTY
Joshua K. Peterman (Utah Bar No. 10248)
Victoria Turner (Utah Bar No.13388)
Office of the Salt Lake County District Attorney
35 East 500 South
Salt Lake City, Utah 84111
Telephone: 385.468.7700
E-mail: jpeterman@slco.org
   vturner@slco.org
*Attorneys for Defendant Salt Lake County and the Salt Lake County Sheriff's Office*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| STEPHANIE D. ALLEN,<br><br>  Plaintiff,<br><br>vs.<br><br>SALT LAKE COUNTY; SALT LAKE COUNTY SHERIFF'S OFFICE, a political subdivision, BRANDON HARTLEY, as Sheriff of Salt Lake County,<br><br>  Defendants. | ANSWER<br><br>Case No.: 2:22-cv-00705-DBP<br><br>Magistrate Judge: Dustin B. Pead |

  Salt Lake County and Salt Lake County Sheriff's Office (collectively "County"), by and through their undersigned counsel, answer and present affirmative defenses to the Plaintiff's Complaint ("Complaint") as follows:

  1.  The County is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 1, and therefore denies the same.

  2.  The County denies the allegations of paragraph 2 on the basis the Salt Lake County Sheriff's Office is not a separate entity subject to suit.

3. The County is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 3, and therefore denies the same.

4. Paragraph 4 contains no allegation to which a response is required. To the extent a response is deemed necessary, the County denies the same.

5. Denied.

6. The County admits it is subject to jurisdiction of this Court but is without knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 6, and therefore denies the same.

7. Denied on the basis that Plaintiff's claims are untimely, in whole or in part, and therefore subject matter jurisdiction is lacking.

8. The County is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, and 28 and therefore denies the same. These paragraphs relate largely to Plaintiff's personal beliefs and feelings to which the County cannot respond. To the extent these paragraphs allege the County failed to act in compliance with governing law, the County denies the same.

9. The County denies the allegations of paragraph 29.

10. The County is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 30 and therefore denies the same.

11. The County denies the allegations of paragraph 31.

12. Defendants repeat and incorporate by reference the responses to paragraphs 1 – 11 as if set out fully herein.

13. The County denies the allegations of paragraph 33, 34, 35, 36, 37, 38, and 39.

14. The County admits Plaintiff filed the charge referenced in paragraph 40 and affirmatively alleges it was untimely, in part, and determined to be unsupported.

15. The County denies the allegations of paragraphs 41 [omitted], 42, and 43.

16. The County repeats and incorporates by reference the responses to paragraphs 1 – 15 as if set out fully herein.

17. The County denies the allegations of paragraphs 45 and 46.

18. The County admits Plaintiff filed the charge referenced in paragraph 47 and affirmatively alleges it was untimely, in part, and determined to be unsupported.

19. The County denies the allegations of paragraphs 48 and 49.

20. The County repeats and incorporates by reference the responses to paragraphs 1 – 19 as if set out fully herein.

21. In response to paragraph 51, the County admits Plaintiff is an employee. The County denies the remaining allegations on the basis there is no "contract" of employment. The conditions of County employment are set forth in various publicly available policies and procedures.

22. The County denies the allegations of paragraphs 52, 53, and 54.

23. The County repeats and incorporates by reference the responses to paragraphs 1 – 22 as if set out fully herein.

24. The County denies the allegations of paragraphs 56, 57, 58, and 59.

25. Paragraph 60 contains, in part, a legal conclusion to which no response is required and the County denies the same. The County denies the remaining allegations of paragraph 60.

26. The County denies the allegations of paragraphs 61 and 62.

27. The County repeats and incorporates by reference the responses to paragraphs 1 – 26 as if set out fully herein.

28. The County denies the allegations of paragraphs 64, 65, 66, and 67.

29. The County repeats and incorporates by reference the responses to paragraphs 1 – 28 as if set out fully herein.

30. The County denies the allegations of paragraphs 69, 70, 71, 72, 73, 74, 75, 76, 77, and 78.

31. The County repeats and incorporates by reference the responses to paragraphs 1 – 30 as if set out fully herein.

32. The County denies the allegations of paragraphs 80, 81, 82, 83, 84, 85, and 86.

## FIRST DEFENSE

Plaintiff fails to state a claim on which relief can be granted and the County denies that Plaintiff is entitled to any of the relief requested in the Complaint.

## SECOND DEFENSE

Plaintiff's conduct is the sole and exclusive legal cause of the damages and harm alleged. The County did not violate the constitutional, statutory, or common law rights, privileges, or immunities of Plaintiff.

## THIRD DEFENSE

All employment actions and decisions regarding Plaintiff are supported by legitimate non-retaliatory and non-discriminatory reasons and the County at no time acted in an unlawful manner in connection with any decision(s) regarding Plaintiff.

## FOURTH DEFENSE

One of more of Plaintiff's claims may be limited or barred, or Plaintiff's recovery may be restricted, by the doctrine of after-acquired evidence.

## FIFTH DEFENSE

Plaintiff has failed in her obligation to mitigate her alleged damages, the existence of such damages being hereby denied.

## SIXTH DEFENSE

Plaintiff's claims are barred because she was not engaged in a protected activity nor was she subject to an adverse employment action.

## SEVENTH DEFENSE

Plaintiff's damages, if any, are subject to the damages cap imposed by applicable law.

## EIGHTH DEFENSE

Plaintiff failed in the obligations and responsibilities imposed upon her by the Utah Antidiscrimination Act; 42 U.S.C.1983, Utah Protection of Public Employees Act, or other applicable law, including that some or all of Plaintiff's claims may be barred for failure to timely report the alleged discriminatory acts, exhaust administrative remedies, or by the applicable statute of limitations.

## NINTH DEFENSE

Plaintiff claims are barred by the doctrine of unclean hands.

## TENTH DEFENSE

Plaintiff claims are barred by the same actor defense, waiver, laches, and/or estoppel.

**ELEVENTH DEFENSE**

Salt Lake County has not acted with reckless disregard of Plaintiff's state or federally protected rights, and she is not entitled to punitive, liquidated, or compensatory damages.

**TWELFTH DEFENSE**

Plaintiff's claims are barred because Salt Lake County exercised reasonable care to prevent and/or promptly correct discriminatory conduct and Plaintiff unreasonably failed to report the alleged behavior and/or take advantage of corrective opportunities provided by Salt Lake County.

**THIRTEENTH DEFENSE**

Plaintiff's claims may be barred by the Governmental Immunity Act of Utah (including its Notice of Claim provisions), as codified in Utah Code sections 63G-7-101 *et seq*. as well as by the immunity afforded Defendants by the United States Constitution, the Utah Constitution, state and/or federal common law.

**FOURTEENTH DEFENSE**

Plaintiff's claims are barred because the acts that Plaintiff alleges do not demonstrate a hostile work environment.

**FIFTEENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because all acts of the County with respect to Plaintiff were done in good faith and motivated by legitimate, lawful, non-retaliatory, and non-discriminatory reasons unrelated to any alleged protected expression or activity by Plaintiff or any alleged discrimination, harassment or retaliation.

### SIXTEENTH DEFENSE

Plaintiff's claims are barred on the basis there was no tangible employment action taken by the County against Plaintiff.

### SEVENTEENTH DEFENSE

Plaintiff's claims are barred on the basis the change in Plaintiff's employment resulted from her inability to fulfill the conditions of her employment.

### EIGHTEENTH DEFENSE

Plaintiff's claims are barred on the basis she has failed to properly and/or adequately plead her causes of action.

### NINETEENTH DEFENSE

Plaintiff's claims are barred on the basis they are pre-empted, in whole or in party, by state and/or federal law.

### TWENTIETH DEFENSE

Plaintiff's claims may be barred, in whole or in part, by her, and/or others', carelessness, recklessness, negligence, and/or false conclusions based upon inaccurate and improperly performed research and investigation. The fault of Plaintiff and other parties currently named, and others not named in this lawsuit, must be compared and allocated by the jury and any fault attributed to them or other parties must be set off against any fault attributed to the County.

### TWENTY FIRST DEFENSE

Plaintiff has failed to file an undertaking within 20 days of commencement of the action pursuant to Utah Code section 63G-7-601.

## TWENTY SECOND DEFENSE

Plaintiff's claims are barred by the public duty doctrine and Utah Code section 63G-7-202(5).

## TWENTY THIRD DEFENSE

Plaintiff's claims are barred on the basis they seek recovery against the County under causes of action and/or legal theories for which no remedy is available.

## TWENTY FOURTH DEFENSE

The County is entitled to an award of its reasonable attorneys' fees and costs incurred in the defense of this action, to the extent permitted by law.

## RESERVATION

The County reserves the right to amend its Answer and its right to supplement or modify this list of affirmative defenses to the Complaint.

**WHEREFORE**, Salt Lake County asks that Plaintiff's Complaint be dismissed with prejudice, that Plaintiff take nothing thereby, that Salt Lake County be awarded its cost and attorneys' fees in defending this action, and for such other and further relief as the Court deems just.

Respectfully submitted this 14th day of November 2022.

SIM GILL
Salt Lake County District Attorney


*/s/ Joshua K. Peterman*
Joshua K. Peterman
Victoria Turner
Deputy District Attorneys
*Attorneys for the County*

## CERTIFICATE OF SERVICE

I certify that on the 14th day of November 2022, a true and correct copy of the foregoing **Answer** was electronically filed with the Clerk of the Court, utilizing the Court's CM/ECF electronic filing system which automatically sent notice to the following:

Jaren C. Sandberg
Tyler T. Todd
We Win Injury Law
Park Todd, PLLC
1173 South 250 West, Ste. 311
St. George, UT 84770
jaren@wewillinjurylaw.com
tyler@wewininjurylaw.com
*Attorney for Plaintiff, Stephanie D. Allen*

                 */s/ Julianne Katherman*
                 Paralegal